FILED
CLERK, U.S. DISTRICT COURT

AUG 28 2023

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES KELP BROWN,<br><br>Defendant. | Case No.  23-MJ-4398<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. §§ 3143(a)(1), 3148(b)] |

I.

On August 28, 2023, Defendant James Kelp Brown, who was hospitalized, made his initial appearance in this district – by consenting to appear by telephone and waiving personal appearance - following his arrest on the petition for revocation of supervised release and warrant for arrest issued in the Western District of Texas on June 29, 2023.  Deputy Federal Public Defender Ijeoma Eke was appointed to represent Defendant.  The government was represented by

1  Assistant U.S. Attorney Alexandra Kelly.  Defendant did not seek pretrial release.

2  Pretrial Services submitted a report recommending that Defendant be detained.

3  II.

4      Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. §

5  3143(a) following Defendant's arrest for alleged violation(s) of the terms of

6  Defendant's ☐ probation / ☒ supervised release,

7      The Court finds that :

8  A.    ☒    Defendant has not carried his burden of establishing by clear

9  and convincing evidence that Defendant will appear for further proceedings as

10  required if released [18 U.S.C. § 3142(b-c)].  This finding is based on:

11      ☒ allegations in the petition: while on supervised release for a 2012

12      conviction for bank fraud, Defendant  was charged with driving under the

13      influence, failed to report to his Probation Officer after his release from

14      custody on this charge, failed to report a change of residence and engaged

15      in the excessive use of alcohol, in violation of the conditions of

16      supervised release.  At this time, Defendant was also on supervised

17      release, under the same terms and conditions, for a 2013 conviction for

18      possession with intent to distribute methamphetamine.

19      ☒ unstable residential history – defendant has failed to report a change

20      in residence

21      ☒ outstanding arrest warrant, issued on August 14, 2023 in Texas, for a

22      homicide charge

23      ☒ use of aliases

24      ☒ unknown background information and unknown bail resources

25

26  B.    ☒    Defendant has not carried his burden of establishing by clear

27  and convincing evidence that Defendant will not endanger the safety of any

28

other person or the community if released [18 U.S.C. § 3142(b-c)].  This finding is based on:

☒ criminal history includes felony convictions for evading arrest, narcotics related offenses and bank fraud, and misdemeanor convictions for assault and driving under the influence

☒ allegations in the petition (see above)

### III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Western District of Texas.

The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to DFPD Eke in order to monitor the status of defendant's transportation to, and arrival in, the charging district for his next appearance.

Dated: August 28, 2023

_____/s/_____

ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3